# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRTI N. PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 15-927 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| AMERICAN SAFETY INDEMNITY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before this Court is the Motion for Judgment on the Pleadings (Docket No. [11]), filed by Defendant American Safety Indemnity Company ("American Safety"). After reviewing the filings of the parties, including the Complaint of Kirti N. Patel ("Patel"), American Safety's Answer, American Safety's Motion for Judgment on the Pleadings and Brief in Support, Patel's Response and Brief in Support, American Safety's Supplemental Brief in Support, Patel's Supplemental Brief in Opposition, and American Safety's Reply to Patel's Supplemental Brief, (Docket Nos. 1-3, 7, 11, 12, 20, 21, 29, 30, 32), having heard argument of the parties on November 5, 2015, (Docket No. 33), and considering the standards for granting such a motion under Federal Rule of Civil Procedure 12(c), the motion will be granted for the foregoing reasons.

I. INTRODUCTION

This case is a suit for a loss occurring on April 30, 2011, involving theft and damage to property at 827 Finley Road, Belle Vernon, Rostraver, PA 15012 ("the property"). On June 17, 2015, over four years after the initial loss, Patel filed this present action in Westmoreland County Court of Common Pleas, which American Safety removed to this Court. (Docket No. 1). The

Complaint includes a copy of the insurance policy at issue as an exhibit thereto and expressly incorporates its terms therein. (Docket No. 1, paragraph 10; Docket No. 1-3, Complaint Exhibit A). On August 11, 2015, American Safety requested an extension of time to respond to the Complaint, which was granted, and then filed its Answer on August 19, 2015. (Docket Nos. 5, 6, 7). After filing its Answer to the Complaint, American Safety filed its present Motion for Judgment on the Pleadings on August 28, 2015. (Docket No. 11).

II. FACTUAL BACKGROUND

This breach of contract matter centers on a policy insuring property purchased by Patel. As alleged, pending the sale of the property to Patel, Pittsburgh Penn Center Business Trust ("PPCBT," "previous owner" or "original insured") purchased Policy #200CFP1000327-10, an interim insurance policy effective from September 10, 2010 through September 10, 2011, from American Safety through Rodgers Insurance Group ("Rodgers Insurance"). (Docket No. 1-3 at ¶¶ 6-8).[1] The policy provides coverage for general commercial liability. (*Id.* at ¶ 11 and 14). Notably, the policy states under the section entitled "LEGAL ACTION AGAINST US" that "[n]o one may bring a legal action against us" unless "[t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." (*Id.* at 29). As alleged, the loss occurred on April 30, 2011, when the property was vandalized. (*Id.* at ¶ 17). On May 3, 2011, PPCBT sent a Property Loss Notice Form to Rodgers Insurance and initiated a claim regarding the loss. (*Id.* at ¶ 15). It appears that, just prior to the time of the loss, American Safety attempted a Theft Exclusion endorsement to the policy. (*Id.* at 10). Plaintiff contends that PPCBT did not receive a copy of the theft policy endorsement prior to the loss and only received a copy on or about May 27, 2011, well after the date of loss. (*Id.* at ¶¶ 17, 18).

---

[1] As the matter was removed to this Court, the Complaint and its Exhibits are docketed together at Docket No. 1-3. Paragraphs of the Complaint are cited to herein as (Docket No. 1-3 at ¶ __) and the pages of the Exhibits are cited to herein as (Docket No. 1-3 at __).

While American Safety investigated the claim, a representative of American Safety allegedly instructed PCCBT and/or Patel to forego any repairs on the property until the investigation's conclusion, (*Id.* at ¶ 21), despite language in the policy expressly stating under "Duties in the Event of Loss" that the insured is to "[t]ake all reasonable steps to protect the Covered Property from further damage." (*Id.* at 39). During the span of the insurance investigation, it appears that no one took any measures to weatherize or secure the property, which allegedly resulted in mold and mildew growth and other damage to the property. (*Id.* at ¶ 24). On July 14, 2011, Patel purchased the property from the original insured fully aware of the claim. (*Id.* at ¶¶ 5, 25, 26, 27). At the closing on the sale of the property, PPCBT executed an assignment to Patel purporting to assign all of its "right, title and interest" in the insurance claim. (*Id.* at 77).

In addition to attaching the executed assignment of the insurance claim to his Complaint, Patel attached a detailed letter dated September 23, 2011, from American Safety regarding the claim. (*Id.* at 72). That letter states that American Safety's investigation revealed that the property suffered theft of copper wiring, along with damage due to theft, breaking and entering, and vandalism. (*Id.* at 73). American Safety denied coverage for a majority of the claimed damages based on its determination and position that the damages fell within the policy's Theft Exclusion provisions. (*Id.*). American Safety then issued payment in the amount of $1,983.67 for the loss. (*Id.* at ¶ 23).

III. PROCEDURAL HISTORY

On March 11, 2013, Patel commenced his first action against American Safety, which also included Rodgers Insurance as a Defendant though Rogers Insurance is not a party in this action, in the Court of Common Pleas of Westmoreland County alleging breach of contract and

statutory bad faith ("*Patel I*") (W.D. Pa. Civ. Action No. 13-526; Docket Nos. 1, 1-1 at ¶¶ 1-2).[2] On April 11, 2013, that matter was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446 at Civil Action No. 13-526. (*Patel I*, Docket No. 1). In that action, Defendants American Safety and Rodgers Insurance filed motions to dismiss. (*Patel I*, Docket Nos. 9, 10).

It appears, however, that Patel's original counsel in *Patel I*, William Breshnahan, II, Esq., had a conflict occasioned by a move to a new law firm, and Patel experienced difficulty finding substitute counsel. (Docket Nos. 17, 21). After American Safety and Rodger Insurance filed their motions to dismiss in *Patel I*, Patel failed to appear at a July 8, 2013 status conference (*Patel I*, Docket No. 17), and also failed to appear in person at the September 3, 2013 status conference, though ordered to do so. (*Patel I*, August 12, 2013 Text Order and Docket No. 21). This Court ordered the matter dismissed without prejudice on September 3, 2013. (*Patel I*, Docket Nos. 21, 22). The Court further indicated that it would reopen the case if Patel either obtained new counsel to prosecute the case or decided to proceed *pro se* by no later than October 3, 2013, which was thirty (30) days after the September 13, 2013 dismissal. (*Patel I*, Docket No. 21). To that end, the Court also scheduled a status conference regarding the matter for October 7, 2013. (*Patel I*, Docket 22). Patel did not obtain new counsel to prosecute the case by the October 3, 2013 date. The status conference that had been scheduled by the September 3, 2013 Order was held on October 7, 2013, and the matter of whether Patel would proceed *pro se* or would obtain counsel was addressed, with Patel present and with Attorney Harlan Stone representing Patel for purposes of the October 7, 2013 status conference. (*Patel I*, Docket No. 23; *Patel II*, Docket No. 21-2 (Transcript of 10/7/13 Status Conference)). It also appears that Patel may have been willing to proceed *pro se* in *Patel I*, but ultimately declined to do so. (*Patel*

---

[2] The action at W.D.Pa. Civil Action No. 13-526 is referenced herein as Patel I. The present action is referenced as Patel II or with no additional designation when citing to the record in this matter.

4

*I*, Docket No. 21-2 at 3-5). Thus, the matter, which had already been dismissed on September 3, 2013, simply remained dismissed. (*Patel I*, Docket No. 23, 24; *Patel II* Docket No. 21-2 at 14).

At both the September 3, 2013 conference and the October 7, 2013 conference, the Court instructed Patel not to delay in pursuing his claims. (*Patel I*, Docket No. 21 (giving Patel 30 days); *Patel I*, Docket No. 23). Specifically, at the October 7, 2013 conference, the Court admonished Patel that if he chose to pursue it, he must "proceed expeditiously with the litigation." (*Patel I* Docket No. 23, Minute Entry & 10/7/13 Hearing Memo, *Patel II* Docket No. 21-2 at 7, 11, 14). The Court specifically further cautioned Patel that if he delayed any further, the Defendant might have additional legal defenses beyond those already asserted in that action (Docket No. 21-2 at 14). Patel acknowledged the Court's directive in this regard. (Docket No. 21-2 at 11). Admittedly, no one, including Patel and his counsel at the time, raised a potential limitations bar—be it statutory or contractual-during the proceedings in *Patel I*. Despite being directed to act expeditiously, Patel did not.

The Court must correct a position that is counter to the established record. Patel refers to the dismissal of *Patel I* occurring on October 7, 2013. (Docket No. 20 at 3). The Court clearly ordered the case dismissed without prejudice on September 3, 2013. Subsequent indication of the Court as to the status of the case was that the case would <u>remain</u> dismissed, as Patel had not obtained new counsel and was not proceeding *pro se*. (Docket No. 21-2 at 14).

On June 17, 2015, more than six hundred and fifty (650) days after the September 3, 2013 dismissal, *Patel I*nitiated *Patel II* in the Court of Common Pleas of Westmoreland County setting forth one count for breach of contract against American Safety regarding the loss on April 30, 2011. (Docket Nos. 1-2, 1-3 at ¶¶ 5-6). On July 16, 2015, American Safety removed this second action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Docket No. 1 at ¶¶ 7-9).

5

In the present complaint, Patel alleges that American Safety breached the terms and conditions of the insurance policy by refusing to adequately compensate for the loss that occurred on April 30, 2011, and that American Safety cannot rely on the theft exclusion to deny coverage because that exclusion was in a subsequent policy endorsement not properly provided to the policy holder prior to the date of loss. (Docket No. 1-3 at ¶ 30). Patel further alleges that American Safety failed to timely investigate, which resulted in further incidental damage to the property. (*Id.* at ¶ 36). American Safety answered the Complaint and subsequently moved for Judgment on the Pleadings, alleging that the Complaint is barred by the two (2) year contractual suit limitations clause within the subject insurance policy, with a bar date as of April 30, 2013. (Docket No. 7 at 1).

IV. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate only when the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Minnesota Rosenau v. Unifund* Corp., 539 F.3d 218, 221 (3d Cir. 2008)(internal quotations and citations omitted). When ruling on a motion for judgment on the pleadings, a court generally cannot consider matters outside of the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997). A court, however, appropriately may consider a document attached to the complaint, a document "integral to or explicitly relied upon in the complaint," or an otherwise indisputably authentic document. *Id.* (citations omitted). In order to survive a Rule 12(c) motion, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court of Appeals for the Third Circuit has prescribed a three-step analysis to determine whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Third, the court should assume the veracity of all well-pled factual allegations and then "'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content from which to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," but the law does not impose a "probability requirement." *Id.* "Although factual allegations must be enough to raise a right to relief above the speculative level, a plaintiff need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (internal quotations, citations, and alterations omitted). This third step of the analysis is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679).

A Rule 12(b) motion, and 12(c) motion by extension, may be based on an affirmative defense. *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997). On a

7

Rule 12(c) motion, a district court may take into consideration an affirmative defense if such a defense "presents an insuperable barrier to recovery by the plaintiff." *Flight Sys. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir.1997) (citing *Continental Collieries v. Shober*, 130 F.2d 631, 635–36 (3d Cir.1942)). This defect in the plaintiff's claim must "appear on the face of the pleading." *Continental Collieries*, 130 F.2d at 635–36; *see also Rycoline Prods., Inc.*, 109 F.3d at 886.

Although this matter involves a suit limitations clause in the contract sued upon rather than a statute of limitations, guidance in the context of a statute of limitations defense is helpful. *Cf., Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir. 1994) (analyzing statute of limitations cases in addressing administrative time limitations set forth in Title VII). As stated by the Court in *Oshiver,* 38 F.3d at 1391, with consideration of the now applicable standards as enunciated in *Iqbal*, in order to avoid dismissal on a motion for judgment on the pleadings based on a limitations bar all that is necessary is that a plaintiff sufficiently plead the applicability of an equitable doctrine. *See also RHJ Medical Center, Inc. v. City of DuBois*, 754 F.Supp.2d 723 (W.D. Pa. 2010)(applying *Iqbal* standards to a motion under Rule 12(c)); *Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988)(affirming grant of judgment on the pleadings based on time bar). In considering whether an equitable doctrine applies such that the time bar should not be automatically determinative, we must be mindful that "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir.2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir.2002)). If a deficiency cannot be cured by amendment, the amendment is futile. *Jablonski*, 863 F.3d at 292 (citation omitted).

V.     DISCUSSION

Our inquiry here is limited as the basis for the motion for judgment on the pleadings is that the contractual limitation period provided for in the contract, expressly incorporated into and attached to the Complaint and sued upon, is two years. Patel does not dispute that the contract provides for such a limitations period or that the timeline asserted here is incorrect—the original loss occurred on April 30, 2011, and this action was commenced in Westmoreland County on June 17, 2015. Absent a basis for tolling the limitations period, equitable or otherwise, this action is barred.

Patel does not contest the validity of the suit limitations clause. (Docket 20 at 5). Indeed, this Court has observed that contractual suit limitations generally are not improper under Pennsylvania law. *Palmisano v. State Farm Fire and Cas. Co.*, 2012 WL 3595276, at *9 (W.D Pa. 2012). Rather, Plaintiff contests the pending motion on the basis that such a limitations bar may be defeated by estoppel or waiver, citing *Prime Medica Assoc. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1156–57 (Pa.Super.Ct. 2009). (Docket No. 20 at ¶ 21). Patel cites to the record in *Patel I*, including hearing transcripts, in attempting to set forth an argument that waiver and estoppel apply. (Docket No. 21 at 7). Patel argues that the doctrine of equitable estoppel precludes judgment in favor of American Safety. (Docket Nos. 21 at 5, 30 at 2). To this end, Patel asserts the following bases for tolling the limitations period: that the dismissal of the earlier action was expressly intended to be without prejudice; that American Safety did not point out to him and the Court that the dismissal would effectively be with prejudice because the two year contractual limitation period would act as a bar to a new action at the moment of dismissal; and that a dismissal here on a time bar basis would be unfair. (Docket No. 20 at ¶¶ 19, 22). Considering all of these arguments, the Court is firmly convinced that amendment would be

futile and that judgment should be granted in favor of American Safety. *Jablonski*, 863 F.2d at 292 (amendment futile as matter was time-barred).

Patel argues incorrectly that although the dismissal in *Patel I* was intended to be without prejudice, at the very moment it occurred, the dismissal acted as a bar to a new action because the dismissal was more than two years after the date of loss. (Docket No. 21 at 6-7). Contrary to this assumption, the Court of Appeals for the Third Circuit held in *Brennan v. Kulick*, 407 F.3d 603 (3d Cir. 2005), when a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice and the court permits the Plaintiff to reinstate within a specified time period, the statute of limitations is tolled where the plaintiff meets the conditions given by the court. *Brennan,* 407 F.3d at 607. Therein lies the rub. Patel pleads that at the moment the Court dismissed *Patel I* he already was out of time, however, the Court had indicated to the parties that it would reopen the case if Patel obtained new counsel or decided to proceed *pro se* by October 3, 2013. (Docket No. 21). Patel also ignores the further admonishment on October 7, 2013, that if he chose to re-file he would need to proceed expeditiously. While the latter admonishment admittedly did not state a date certain, it is overwhelmingly clear that he did not proceed expeditiously by any stretch of the imagination or plausible argument. Thus, any perceived unfairness is occasioned by Patel's own dilatory conduct. No one ever instructed Patel that he could go about his business and pursue the litigation whenever he felt like it. That essentially is the position urged here and the Court firmly rejects it.

*Oshiver*, 38 F.3d at 1392, recognized that "the purpose of and the remedy afforded by the equitable tolling doctrine . . . are understood properly only in light of the equitable principle which underlies the doctrine, namely, that one should not be permitted to benefit from his or her own wrongdoing." Also, in seeking equity a party ought not delay. *Cf. Foman v. Davis,* 371

U.S. 178, 182 (1962)(indicating undue delay as basis for denial of leave); *accord Arthur v. Maersk, Inc.*, 434 F.3d 196, 203-204 (3d Cir. 2006). "Equitable tolling functions to stop the statute of limitations from running where the claim's accrual date has already passed." *Oshiver* 38 F.3d at 1387. The Court of Appeals for the Third Circuit has recognized "three principal" cases for equitable tolling: active misleading by the defendant asserting the bar; extraordinary circumstances preventing the plaintiff from asserting his rights; and a timely assertion of rights in the wrong forum. *Id.* at 1387. Thus, a plaintiff's failure to comply with a limitations provision is excused when the defendant's conduct was to actively mislead the plaintiff and the deception caused the failure to comply with the limitations period. *Id.* In sum, "equitable estoppel requires a showing of inequitable conduct." *Id.* at 1390 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990)).

First and foremost, Patel cannot realistically assert that American Safety engaged in deception, much less active deception. Patel also cannot show how American Safety's conduct as opposed to his own undue delay caused the present untimely filing. Secondly, Patel's factual allegations viewed in the light most favorable to him do not even come close to establishing entitlement to an equitable remedy. Third, this Court finds there are no extenuating circumstances here that prevented Patel from a filing within the limitations period. Fourth, this case does not involve a timely assertion of rights in the wrong forum. Finally, the Court must note that Patel seeks equitable relief from the limitations bar, but he cannot come into equity seeking relief with such extreme delay as he most assuredly has. Considering equitable principles as urged and as further analyzed *infra*, Patel simply is not entitled to relief.

Patel broadly asserts that American Safety forever waived the limitations defense because it did not raise it to the Court in *Patel I* at the time when the Court was dismissing *Patel I*

without prejudice. (Docket No. 20 at ¶ 22). Thus, Patel contends that American Safety should be estopped from asserting the defense now. (*Id.* at ¶ 24). Patel's argument as to waiver and estoppel is essentially that he was somehow led to believe the limitations defense was waived by American Safety because it was not raised by it at the time. (*Id.* at ¶¶ 23, 24)**.** That argument begs the question as to why Patel himself did not raise the problem of the limitations provision if he was aware of it as his argument suggests, *id.*—or why he did not act expeditiously because of it. Patel's position that defense counsel, as counsel for the opposing party, should have raised the limitations issue for him is unpersuasive as the limitations provision had not been at issue in *Patel I* because that matter was filed within the two year contractual limitations period. Further, American Safety had no duty to argue it before this Court. *Farmers Trust Co. v. Bomberger*, 523 A.2d 790, 793-94 (Pa. Super. Ct. 1987). Patel was represented by counsel who could have raised the limitations issue at both the September 3, 2013 and the October 7, 2013 status conferences, and Patel himself could have raised it, the Contract and its suit limitations clause being attached to the Complaint in *Patel I*, and therefore, the information was neither unavailable to him nor somehow hidden by American Safety.[3] Indeed, Patel contends here that his own counsel in *Patel I* urged the matter remain dismissed without prejudice, but unpersuasively adds that defense counsel was present for that request and presumably should have done something about it such as advise Patel contrary to his own counsel. (Docket No. 21 at 4). *Lehman Bros. Holdings v. Gateway Funding Diversified Mortgage Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) ("[P]arties cannot 'avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which

---

[3] Patel is expected to have read the contract as any failure to read the contract is an unavailing excuse. *Standard Venetian Blind Co. v. Am. Empire Ins.*, 469 A.2d 563, 567 (Pa. 1983). The Court would note that based on its observations of Mr. Patel in the proceedings in *Patel I*, Mr. Patel was articulate and appeared to be educated. *See, e.g.,* (Docket 21-2).

12

each party is deemed bound by the acts of his lawyer-agent[.]'") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)). Even if there were such an equitable tolling as urged by Patel, it would not permit a subsequent filing whenever he pleased. Equity requires something more than Patel can muster.

Patel's position is not properly analyzed as an issue of waiver, but rather an argument to change the way limitations analysis is approached, which the Court also rejects. Patel argues that because of *Patel I*, American Safety had notice of Patel's suit within the limitations period, and therefore, that somehow creates a blanket "waiver." (*Id.* at 5-6). If notice of a claim to be filed or of any earlier case filing would suffice, the standard limitations analysis would not consider the filing date but rather the notice of suit date, which is not the case. *See, e.g., Lutz v. Philips Electronics North America Corp*, 347 Fed.Appx. 773, 777 (3d Cir. 2009)(considering filing date)**.** Moreover, regarding the "notice" provided by the very filing of *Patel I*, as American Safety points out, where there is a discontinuance or dismissal without prejudice, whether under Pennsylvania state or federal law, the effect is the same--the filing of the earlier Complaint does not act to toll the statute of limitations. *Caridio-Medical Assoc. Ltd. v. Crozer-Chester Medical Center*, 721 F.2d 68, 77 (3d Cir. 1983); *Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mutual Fire Ins. Co.*, 550 A.2d 1333, 1335 (Pa. Super. 1988). In fact, a dismissal without prejudice ordinarily renders the complaint a nullity as if it never had been filed. *Caridio-Medical Assoc. Ltd.*, 721 F.2d at 77.

Consideration here of *Atiyeh v. National Fire Ins. Co.,* 2008 WL 4444253 (E.D. Pa. September 30, 2008), is helpful. In *Atiyeh,* the Court applied a limitations clause with an agreed to four month extension to bar the claim on an insurance contract. The case was filed outside the contract limitations and extension period granted by the insurer. The plaintiff in *Atiyeh* had

previously filed but withdrew without prejudice his earlier action, which he had instituted on *Praecipe* for Writ of Summons in state court in order to preserve his right to bring an action in compliance with the original suit limitations clause. In *Atiyeh* the plaintiff subsequently attempted to file suit after expiration of both the suit limitations clause and the extension given by the insurer. The court acknowledged the extension and ruled the claim barred.

Here, Patel claims that by American Surety saying or doing nothing in opposition to the dismissal without prejudice that he in essence thereby obtained an unlimited extension of time to file a second case as he so pleased. There is no authority to support that proposition. Were this a situation where American Safety had expressly given an extension, as in *Atiyeh,* and American Safety simply attempted to "go back on its word" or where American Safety was the one that urged the Court in *Patel I* that Patel could file an action at any time he pleased, Patel might, in concept, be able to make a case for estoppel. Whatever Patel portends now to have understood then regarding when he could file an action, he most assuredly was not told by anyone that waiting would be to his benefit—this he cannot and has not alleged. Further, there are no allegations nor anything in the record that could show a "greenlight" that anyone had given to Patel to await and file suit more than six hundred and fifty (650) days after the Court's September 3, 2013 order dismissing *Patel I*.

Patel cannot show any duty that American Surety had to explain to him that the matter being dismissed without prejudice would work as a bar to his claim and there is nothing amiss with the alleged conduct of American Safety. *See Prime Medica Assocs*, 970 A.2d at 1157 (mere silence insufficient). It was counsel for Patel, and not American Safety, who urged the Court that keeping the matter dismissed without prejudice "would, in effect, be wiping the slate clean and

allowing new counsel, if there is to be new counsel, take a fresh approach." (Docket No. 21-2 at 8, 10).

What Patel advances here is that opposing counsel should have provided to him counsel regarding the limitations bar. The Court rejects this position. Patel himself cites precise and helpful guidance in *Bomberger*, 523 A.2d at 793-94, which provides: "[t]he burden rests upon the party asserting estoppel to establish the elements thereof by evidence which is clear, precise, and unequivocal . . . mere silence or inaction is not a ground for estoppel unless there is a duty to speak or act." (Docket No. 21 at 6). *Bomberger* poignantly provides that where the parties have equal access to the facts there is no duty to speak. 523 A.2d at 793. Patel attached the insurance contract, which included the contractual limitations provision, as Exhibit 1 to his Complaint in the first action filed in March of 2013. (*Patel I*, Docket 1-1 at 33). Thus, we do not fault American Safety for failing to speak to the limitations issue in *Patel I* and there is no doubt that Patel had equal access to the necessary facts having failed to allege otherwise.

As American Safety aptly states "Plaintiff and his counsel failed to request any relief from or extension of the limitations period at the time of the Status Conference [in *Patel I*] or *a reasonable time thereafter*." (Docket No. 29 at 6)(emphasis added). Indeed, the initial dismissal without prejudice specified that he had thirty (30) days to proceed. The admonitions to him reaffirmed he needed to act expeditiously. This is not a case where Patel came back into court immediately after the October 7, 2013 hearing, thirty days thereafter or even 90 days thereafter, and found himself shut out of court, and thus, the Court need not address what might have happened under those circumstances. Rather, Patel was unduly and extremely dilatory in filing a new suit more than six hundred and fifty (650) days after the September 3, 2013 dismissal and more than six hundred (600) days after the October 7, 2013 hearing wherein it was determined

that the matter remain dismissed. Patel fails to point to any facts or even allegations that he can make to show that waiver or equitable estoppel plausibly applies to his case. Accordingly, amendment would be futile and judgment is appropriate.

Under these circumstances the contractual time bar prevents Patel's action here and entitles American Safety to judgment on the pleadings. The Court notes that American Surety asserts not only the suit limitations clause as an affirmative defense in its Answer, (Docket No. 7 at 6), but also the statute of limitations. The statute of limitations on Patel's breach of insurance contract claim is four years, *Palmisano*, 2012 WL 3595276, at *9 (citing 42 Pa.C.S. § 5525), thus creating a statutory bar date of April 30, 2015. The Court will address the statute of limitations as it additionally relates to futility of amendment.

It cannot even be argued by Patel that as of the dismissal on September 3, 2013, his claim was barred by the applicable statute of limitations in Pennsylvania for breach of contract claims, and thus, everyone else somehow should have brought the matter of the limitations to his attention. The statutory bar date did not come into play until well after the events in September and October of 2013, and only acted as a bar approximately six weeks prior to his filing of this action. As the Court has engaged in contract limitations analysis and determined that the present action is barred under the contract and that analysis applies as well to the statute of limitations defense asserted in the answer, save for the change of bar date to April 30, 2015, the Court additionally holds that any amendment by Patel would be futile on the basis of the statute of limitations bar. Further, Patel's attempts to rely on equitable principles to overcome the contract limitations hurdle cannot even get him out of the starting gate with regard to the statute of limitations defense, much less to the finish line, as the statute of limitations bar was not even in play until April 30, 2015—more than six hundred (600) days after the dismissal on September 3,

2013. Even an indulgent view of the prior proceedings nevertheless leads the Court to the firm conclusion that Patel simply cannot succeed on any equitable theory to toll the limitations bars prohibiting his claim. It is Patel's own delay that puts him out of court today.

VI. CONCLUSION

Based on the foregoing, Defendant American Safety Indemnity Company's Motion for Judgment on the Pleadings [11] is GRANTED. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: February 10, 2016

cc/ecf: All counsel of record